HOUSTON & TEXAS CENTRAL RY. vs. SIMON, to use &c.

COURT OF APPEALS, GALVESTON TERM, 1884.

*Practice—Certiorari.* In order to constitute a sufficient cause for certiorari the facts stated must show that either the justice of the peace had no jurisdiction to try the case, or that injustice was done to the appellant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable negligence. Unless these facts be shown the county court should dismiss the certiorari.

*Same—Evidence—Burden of Proof.* In an action against a railroad for the value of goods shipped and lost, the railway pleaded delivery at the place of destination. *Held*, that to be available such plea should be supported by proof, and the burden of producing such proof was upon the company.

Appeal from Washington county.

Opinion by Willson, J.

This suit was originally brought in justice's court by appellee to recover of of appellant $176.83 the alleged value of a box of goods, alleged to have been shipped over appellant's road from Brenham, Texas, to A. Zekind at Hastings, Minnesota. Appellant pleaded general denial, and specially that the box of goods had been delivered at the place of destination. In justice's court judgment was rendered against appellant in favor of appellee for the amount sued for, interest and cost. Appellant brought the case before the county court by *certiorari.* Upon motion of appellee the *certiorari* was dismissed and judgment for costs was rendered against appellant, and that a writ of *procedendo* issue commanding the justice of the peace to enforce the judgment of his court, etc.

We are of the opinion that the court did not err in sustaining the motion to dismiss the *certiorari.* It is provided by statute, that "in order to constitute a sufficient cause (for *certiorari*) the facts stated must show either that the justice of the peace had not jurisdiction, or that injustice was done to the applicant by the final determination of the suit or proceeding, and that such injustice was not caused by his own inexcusable neglect." Rev. Stats., Art. 403.

It is not pretended in this case that the justice's court was without jurisdiction to render the judgment. As the only cause for *certiorari* it is alleged that at the time of the trial, the box of goods the value of which was sued for had been delivered at Hastings,

Minnesota, the place to which they had been shipped. It is not alleged however that this fact was proved, or attempted to be proved on the trial before the justice of the peace, nor is any reason shown why appellant did not then make proof of the fact. Appellant had pleaded a delivery of the goods, and to make good this defense, of course the fact would have to be proved, and the burden of producing such proof devolved upon the appellant. Failing to produce such proof, of course this defense failed, and there was no error in the judgment of the justice, if appellee proved his cause of action and the value of the goods, and it is not claimed that he failed to do this. If appellant went to trial without evidence to prove its defense, it was a neglect of its own, of which it cannot be heard to complain.

We think the petition fails to show that injustice has been done the appellant by the judgment of the justice, or that if any injustice has been so done him, it was not caused by its own inexcusable neglect. A party is not entitled to have a *certiorari* on account of any matter of which he might have availed himself before the justice, but which, without any apparent excuse, he neglected to urge. White and Willson's Con. Rep. Sec. 853.

We find no error in the judgment, and it is affirmed.